[Cite as *State v. Jones*, 2013-Ohio-3604.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

RAYONTE L. JONES

    Appellant

C.A. No.    26540

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 12 01 0038 (A)

DECISION AND JOURNAL ENTRY

Dated: August 21, 2013

CARR, Judge.

{¶1} Appellant Rayonte Jones appeals his conviction in the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Jones was indicted on two counts of robbery involving two teenagers; one count of aggravated robbery and a companion gun specification; one count of receiving stolen property; and one count of misuse of credit cards. He pleaded not guilty to the charges at arraignment. Jones was subsequently indicted on two additional gun specifications related to the two counts of robbery. Those two gun specifications were dismissed prior to trial. At the conclusion of trial, the jury found Jones not guilty of two counts of robbery, but guilty of aggravated robbery and the companion gun specification, receiving stolen property, and misuse of credit cards. The trial court sentenced Jones to eight years in prison. Jones filed a timely appeal and raises two assignments of error for review.

II.

## ASSIGNMENT OF ERROR I

THE EVIDENCE IN THIS CASE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT CONVICTIONS OF[] RECEIVING STOLEN PROPERTY, OR MISUSE OF CREDIT CARDS AND AS A RESULT THE APPELLENT'S RIGHTS AS PROTECTED BY ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION WERE VIOLATED.

{¶3} Jones argues that his convictions for receiving stolen property and misuse of credit cards were not supported by sufficient evidence. This Court disagrees.

{¶4} "Raising the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law invokes a due process concern." *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 113, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In reviewing a challenge to the sufficiency of the evidence, "the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Diar*, 120 Ohio St.3d at ¶ 113, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, *following Jackson v. Virginia*, 443 U.S. 307 (1979).

{¶5} Jones was charged with receiving stolen property in violation of R.C. 2913.51(A), which states that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." The property at issue was credit cards belonging to Edward Hoover.

{¶6} R.C. 2901.22(B) states:

A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

**{¶7}** Receipt and retention of property implicate possession which may be either actual or constructive. *State v. Moorer*, 9th Dist. Summit No. 12980, 1987 WL 12884 (June 10, 1987). "Constructive possession exists when an individual knowingly exercises dominion and control over the object, even though the object may not be within his immediate physical possession." *Id.* (concluding that, even though the evidence did not establish which of the two defendants presented the credit card for payment of gasoline, there was sufficient evidence to show that Moorer constructively possessed the credit card as it was used to buy gasoline for his car), citing *State v. Hankerson*, 70 Ohio St.2d 87 (1982).

**{¶8}** Jones was also charged with misuse of credit cards in violation of R.C. 2913.21(B)(2), which states that "[n]o person, with purpose to defraud, shall * * * [o]btain property or services by the use of a credit card, in one or more transactions, knowing or having reasonable cause to believe that the card has expired or been revoked, or was obtained, is retained, or is being used in violation of law[.]" Pursuant to R.C. 2901.22(A): "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." "Defraud" means "to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another." R.C. 2913.01(B).

**{¶9}** The jury was further instructed that it could consider whether Jones acted in complicity with another in committing the offenses, i.e., whether Jones aided or abetted another in committing the theft. R.C. 2923.03(A)(2). A person who is guilty of complicity is guilty as if he were the principal offender. R.C. 2923.03(F). A criminal defendant may be charged with complicity pursuant to the complicity statute or simply in terms of the principal offense. *Id.*

{¶10} At trial, Edward Hoover testified that he had just backed his car into a parking space in a lot at Akron General Hospital on January 3, 2012, around 6:45 a.m. before work when a man, later identified as William Weems, approached him and demanded his money. After Mr. Hoover resisted, Weems showed him the butt of a handgun in his sweatshirt pocket and then pointed the gun at him from inside the sweatshirt. Mr. Hoover gave Weems his wallet and cell phone as directed by Weems. The wallet contained several credit cards. Mr. Hoover testified that Weems jogged quickly to a car parked in an adjacent lot and entered the passenger side of the car. He testified that, while he could clearly see the car, he could not describe the driver. After Weems entered the car, the driver quickly backed up and then sped away. Mr. Hoover reported the theft to police and began cancelling his credit cards.

{¶11} Williams Weems testified that he and Jones were driving around and drinking throughout the early morning hours of January 3, 2012. Weems fell asleep in the car but awoke around 6:00 a.m. He and Jones then began discussing their need for money and the two decided to "hit a lick," meaning to rob somebody. Weems testified that Jones drove to a parking lot near Akron General Hospital and parked while Weems, after taking Jones' handgun, approached a man who had just parked his car in a nearby lot. Weems admitted that he robbed the man (Edward Hoover) of his wallet and cell phone and then ran back to the car Jones was driving and the two sped away. Weems testified that Mr. Hoover's wallet contained various credit cards and that he and Jones discussed going shopping and using those credit cards.

{¶12} Weems testified that he and Jones drove to WalMart where he and Jones both picked out merchandise to buy. Weems admitted that he is the only one who swiped the credit cards to buy the merchandise. The State presented a copy of a receipt from WalMart evidencing

that $264.12 worth of merchandise was purchased at 8:01 a.m. on January 3, 2012, with one of Mr. Hoover's credit cards. Mr. Hoover testified that it was not his signature on the store receipt.

{¶13} Weems testified that he and Jones left WalMart and drove to Target where each again picked out merchandise to buy. Again, Weems admitted that he was the one who swiped one of Mr. Hoover's credit cards to make the purchases, although much of the merchandise was chosen by Jones for his benefit. Specifically, Jones picked out a baby stroller for his child and Weems used one of Mr. Hoover's credit cards to pay for it. The State presented a photograph taken from a security camera at Target showing Jones pushing a cart full of merchandise out of the store at approximately 9:00 a.m. After shopping at Target with Mr. Hoover's credit cards, Weems testified that he and Jones drove first to Jones' home to drop off some of the merchandise and then to Weems' home.

{¶14} Drew Anderson testified that he was working on January 3, 2012, at Target as a protection specialist. He testified that, based on information from the police regarding account numbers for stolen credit cards reported by Mr. Hoover, he was able to locate store security video footage for the appropriate time frame. He provided a copy of the store video to the police. Mr. Anderson authenticated the video and still photographs taken from store security footage. The video and photographs showed Jones pushing a cart full of merchandise throughout and out of the store after Weems used a credit card to pay for the merchandise.

{¶15} Mr. Anderson testified that the police notified him of fraudulent credit card transactions at Target on January 3, 2012. When he reviewed store receipts for the times and card numbers relevant to those fraudulent transactions, he noticed that a baby stroller had been purchased using a stolen card. Weems testified that Jones bought a stroller for his child and put it in the trunk. Because Weems and Jones had purchased so much merchandise at WalMart and

Target with Mr. Hoover's credit cards, they could not close Jones' car's trunk after Jones placed the stroller on top of everything else. Weems testified that the stroller fell out of the trunk on the highway as they were driving to Jones' home.

{¶16} Mr. Anderson testified that Jones called the Target store later that day and informed him that he had purchased a stroller but had forgotten to take it with him. Mr. Anderson obtained a cell phone number from Jones and Jones' assertion that his name was "Ray." Sergeant Teresa Davis of the Summit County Sheriff's Office testified that she became aware of the incident in the course of her duties. She testified that she obtained Jones' cell phone number from Mr. Anderson and called Jones to set up a time for him to return to Target to retrieve the stroller. The Summit County Sheriff's Office and the Akron Police Department planned to wait for Jones to arrive at Target and arrest him in connection with the theft and use of Mr. Hoover's credit cards. Jones arrived at Target to retrieve the stroller and was apprehended in the parking lot by law enforcement officers.

{¶17} Reviewing the evidence in a light most favorable to the State, this Court concludes that any rational trier of fact could have found that the essential elements of the charges of receiving stolen property and misuse of credit cards were proved beyond a reasonable doubt. *See Jenks*, 61 Ohio St.3d at paragraph two of the syllabus. The State presented evidence that Jones knew that Weems robbed Mr. Hoover and, in fact, aided Weems in the theft after the two discussed their need for money. Immediately after robbing Mr. Hoover, Jones and Weems went shopping at two different stores where they each gathered merchandise for their personal uses. Under these circumstances, although Jones did not touch or swipe Mr. Hoover's credit cards at the store registers himself, he nevertheless constructively possessed the cards by exercising control over their use for the fraudulent purchases of merchandise for his benefit.

Accordingly, the State presented sufficient evidence of the crimes of receiving stolen property and misuse of credit cards. Jones' first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE VERDICTS IN THIS CASE WERE AGAINST THE MANIFEST WEIGHT [OF THE] EVIDENCE AND AS A RESULT, APPELLANT'S RIGHTS AS PROTECTED BY ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND FIFTH AMENDMENT OF THE UNITED STATES CONS[T]ITUTION WERE VIOLATED.

{¶18} Jones argues that his convictions were against the manifest weight of the evidence. He fails, however, to develop this argument within the body of his brief as required by App.R. 16(A)(7) (requiring citation to "parts of the record on which appellant relies."). Nevertheless, upon due consideration, this Court concludes that the convictions were not against the manifest weight of the evidence.

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

> Weight of the evidence concerns the tendency of a greater amount of credible evidence to support one side of the issue more than the other. *Thompkins*, 78 Ohio St.3d at 387. Further when reversing a conviction on the basis that it was against the manifest weight of the evidence, an appellate court sits as a "thirteenth juror," and disagrees with the factfinder's resolution of the conflicting testimony. *Id*.

*State v. Tucker*, 9th Dist. Medina No. 06CA0035-M, 2006-Ohio-6914, ¶ 5. This discretionary power should be exercised only in exceptional cases where the evidence presented weighs heavily in favor of the defendant and against conviction. *Thompkins*, 78 Ohio St.3d at 387.

{¶19} The elements of the crimes of receiving stolen property and misuse of credit cards are set out above. Jones was also charged with aggravated robbery in violation of R.C. 2911.01(A)(1), which states that "[n]o person, in attempting or committing a theft offense, * * * or in fleeing immediately after the attempt or offense, shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]" As with the other charges, the trial court also instructed the jury as to complicity with regard to the aggravated robbery charge.

{¶20} Jones does not dispute that Mr. Hoover was robbed at gunpoint and that his credit cards were used to make unauthorized purchases. His sole argument is that the evidence demonstrates only that Weems committed these offenses.

{¶21} A thorough review of the record indicates that this is not the exceptional case where the evidence weighs heavily in favor of Jones. Mr. Hoover testified that Weems displayed a handgun when demanding his money and that Weems fled to a car driven by another person. Weems testified that he used a handgun that belonged to Jones after the two had discussed robbing someone because they needed money. Store receipts and video surveillance footage indicated that Jones accompanied Weems immediately after the theft on shopping sprees at WalMart and Target, where Jones picked out merchandise. Weems testified that Jones selected merchandise for his personal and family's use and that the two dropped off merchandise at Jones' home after using Mr. Hoover's credit cards at two stores. The weight of the evidence supports the conclusion that Jones aided Weems in robbing Mr. Hoover by supplying the handgun and driving the getaway vehicle. Jones then drove directly to two stores where both he and Weems selected merchandise which was paid for with Mr. Hoover's stolen credit cards. Accordingly, Jones' convictions for aggravated robbery, receiving stolen property, and misuse of

credit cards are not against the manifest weight of the evidence. Jones' second assignment of error is overruled.

### III.

**{¶22}** Jones' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

MOORE, P. J.
HENSAL, J.
<u>CONCUR</u>

APPEARANCES:

CHRISTOPHER R. SNYDER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.